FILED
CLERK, U.S. DISTRICT COURT
AUG 10 2026
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
NATHAN BISHOP,
Defendant.

- Case No. CR 17-0696-JAK

ORDER OF DETENTION

[Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1)]

I.

On August 10, 2026, Defendant Nathan Bishop made his initial appearance on the petition for revocation of supervised release dated July 13, 2026, and January 14, 2026, and the warrant for arrest issued on the same date. Deputy Federal Public Defender Michael Brown was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Chris Bulut. Jing Yan. A detention hearing was held.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ the petition alleges that Defendant violated the conditions of supervised release by (1) associated with convicted felons; (2) possessing drug paraphernalia; (3) possessed digital devices that were not disclosed or authorized; (4) use of methamphetamine; (5) failing to keep his sex offender registration current; and (6) failed to submit accurate financial information to his Probation Officer.

☒ poor history of compliance while on supervised release, as evidenced by seven previous revocations of supervised release

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition (see above);

☒ criminal conduct while on supervised release, including misdemeanor charge of failing to register as a sex offender.

☒ criminal history

III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: August 10, 2026

/s/

ALKA SAGAR

UNITED STATES MAGISTRATE JUDGE